[No. 1902]

W. H. BANCROFT, PETITIONER, *v.* W. H. A. PIKE, DISTRICT JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR WASHOE COUNTY, RESPONDENT.

1. APPEAL AND ERROR — JUDGMENTS REVIEWABLE — ORDER OF DISMISSAL — APPEAL FROM JUSTICE'S COURT.

Since an order dismissing an appeal from a justice's court, whether erroneous or not, would be within the jurisdiction of the district court, it could not be reviewed by the supreme court by *certiorari;* being a final determination of the appeal.

2. JUSTICES OF THE PEACE — APPEAL — DISPOSITION.

The district court may either dismiss an appeal from a justice's court, or may try the case *de novo,* but cannot refuse to do either, so that if the justice's court had jurisdiction to enter its judgment, the district court could not on appeal to it remand the case and compel the justice's court to again assume jurisdiction.

3. JUSTICES OF THE PEACE — APPEAL — DISMISSAL — WANT OF JURISDICTION OF TRIAL COURT.

If a justice's court did not acquire jurisdiction of defendant's person, the district court would not have jurisdiction of an appeal from its judgment, and should dismiss the appeal.

4. JUSTICES OF THE PEACE — GENERAL APPEARANCE.

The answer of a defendant in an action before a justice's court stated that defendant objected that no copy of the complaint was served upon him, and prayed that service of summons be set aside as void, and further stated that defendant, without waiving his objection to want of service of a copy of the complaint, for answer thereto denied each allegation thereof. *Held,* that the justice's court acquired jurisdiction of defendant's person.

ORIGINAL PROCEEDING. Application for *certiorari* by W. H. Bancroft against W. H. A. Pike, District Judge of the Second Judicial District of the State of Nevada,

Washoe County, to review an order made by such court remanding a cause to a justice's court. **Order annulled.**

The facts sufficiently appear in the opinion.

*Mack & Green,* for Petitioner:

This case now presents the following points for determination:

1. Was the service sufficient in the justice's court?

2. If the service was insufficient, was the appearance of the defendant special or general, and was jurisdiction conferred upon the lower court to try the case on its merits?

3. After having submitted the case to trial in the justice's court, and judgment having been rendered against the defendant and appellant, could he on appeal make the same objection to the alleged want of sufficient service?

4. What were the duties of the appellate court and did the appellate court exceed its jurisdiction in remanding the case to the justice's court for further trial?

5. Will a writ of *certiorari* lie in this case?

I.    This petitioner contends that the service of process was entirely regular and in conformity with the statutory provision for the service of summons in justice's court as found in the session laws for 1907, on pages 27, 28, 29, being an act amending sections 516, 517, 518 of an act entitled "An act to regulate proceedings in civil cases in the courts of justice of this state, and to repeal all other acts in relation thereto," approved March 18, 1869. Nowhere in this act as amended does it refer to the service of a copy of the complaint excepting in the fourth division of section 517. That division expressly relates to the publication of summons in a newspaper to be designated by the justice. That section provides that: "In case of publication where the residence of the nonresident or absent defendant is known, the justice shall also direct a copy of the summons and complaint to be deposited in the postoffice, postage prepaid, directed to the person or corporation to be served, at the residence of such person or place of business of such corporation. When

publication is ordered, personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the postoffice. A copy of the complaint shall also be served with the copy of the summons upon each of the defendants."

It will be noticed that this section says "the justice shall also direct a copy of the summons and complaint," and makes it mandatory in this instance only. The last sentence of this section refers only where publication is ordered.

Section 518 provides by whom the summons may be served and the various ways in which it may be served in different cases. In each of the four subdivisions of said section it expressly states that service of summons shall be made "by a delivery of a copy of the summons to the ____," no mention being here made of a copy of the complaint. The first section says:

"First: If the action be against a corporation, by a delivery of a copy to the president. * * *

"Second: If against a minor under the age of fourteen years, by a delivery of a copy to such minor, and also to his father. * * *

"Third: If against a person judicially declared to be of unsound mind, * * * by delivery of a copy to such guardian.

"Fourth: In all other cases, by delivery of the copy to the defendant personally."

The plaintiff has complied with the requirements of this section. Comp. Laws, 3124, regarding service of summons for district courts, provides specifically that a copy of the complaint be attached to the copy of the summons. This does not apply to justices' courts.

As shown above, in discussing session laws for 1907, pages 27, 28, 29, no mention is made regarding the service of a copy of the complaint, except in division 4 of section 517, as amended, which relates expressly to service by publication in a newspaper. Consequently the service of a copy of the complaint is not required in the justice's court.

Section 3625 of Cutting's Compiled Laws of Nevada of 1900 provides that oral complaints may be made before a justice of the peace who shall enter them in his docket. This same section provides that: "Pleadings shall not be required to be in any particular form, but shall be such as to enable a person of common understanding to know what is intended."

Section 3625, Cutting's Compiled Laws, 1900, provides: "When the cause of action or counterclaim arises upon an account or instrument for the payment of money only, it shall be sufficient for the party to deliver a copy of the account or instrument to the court, and to state that there is due to him thereupon from the adverse party a specified sum which he claims to recover or set off. The court may at the time of the pleading require that the original account or instrument be exhibited to the inspection of the adverse party, and a copy to be furnished, or if it be not so exhibited and a copy furnished, may prohibit its being afterwards given in evidence."

From this section it will be seen that the court may, in its discretion, order a copy to be furnished, and unless such order is made no copy need be furnished. In case an oral complaint be filed, it would be impossible and ridiculous to attempt to make service with a copy of such complaint. Jurisdiction of a defendant is acquired by the service of a summons in a civil action, and therefore the court will have control of all subsequent proceedings. Section 3130 of Comp. Laws, 1900, provides that: "From the time of the service of the summons in a civil action, the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of a defendant shall be equivalent to personal service of the summons upon him."

In a justice's court pleadings are to be liberally construed, and though informal they are sufficient if they fairly apprise the defendant of the claim made against him. The sufficiency of the pleadings in a justice's court is not to be tested by the same rules as are applied in higher courts.

In this case the summons was duly and regularly issued and the defendant was fully apprised of the claim.

In the case of *Martin* v. *District Court*, 13 Nev. 88, this court said: "The sufficiency of pleadings in justices' courts is not to be tested by the rules that are applied in the higher courts. The statute makes the copy of an account a sufficient complaint in justices' courts."

In the case of *Costello* v. *Ten Eyck*, 24 Am. St. Rep. 131, the court said: "Declarations in justices' courts are to be liberally construed, and though informal, where they fairly apprise the defendant of the claim made against him, may be held sufficient (citing cases)."

In the case of *People* v. *Wait*, 99 N. Y. Supp. 808, the court said: "It is not necessary, however, in this action to determine whether the complaint as originally filed brought the case within the jurisdiction of the justice. He clearly acquired jurisdiction of the person of the defendant by the personal service of the summons upon him within his county, and the defendant appeared in court in pursuance of such service."

In the case of *Little* v. *Currie*, 5 Nev. 92, this court said: "Suit is commenced before the justice by the 'filing a copy of the note, etc., and the issuance of a summons thereon.'"

II. If the service was insufficient, was the appearance of the defendant special or general, and was jurisdiction conferred upon the lower court to try the case on its merits?

The defendant objected to the service and answered at the same time. By filing an answer the defendant joined issue, and made a general appearance, regardless of the objection.

Immediately after the overruling of the objection by the justice of said court the defendant went to trial and offered all of his testimony to the jury, thereby waiving any objections which he may have made or any exceptions he may have made to the ruling of such justice and made a general appearance for the defense of this suit.

Regardless of the fact that the defendant may appear

specially to object to the service of the process, if, on the overruling of the objection, he proceeds to trial, he invokes the power of the court for a purpose other than the quashing of the service of process. The defects are waived and his appearance is general. By making a general appearance he submitted to the jurisdiction of the lower court, and upon proceeding with the trial and offering his testimony to the jury, gave jurisdiction to the court.

In the case of *Golden* v. *Murphy,* 31 Nev. 419, Chief Justice Norcross said: "It is contended by counsel for appellant that the court never acquired jurisdiction over the defendant the Royal Mining Company, and hence that the judgment is void as based against such defendant. This contention is based upon the fact that such defendant is a foreign corporation, and that no valid service of process was had upon it. It appears that this defendant did not have an agent residing in the state, and that service was made upon the secretary of state, under a provision of our statute relative to service of foreign corporations doing business in this state, and which have not a resident agent upon whom process may be served. It appears that this company appeared specially to quash the service of summons. This motion was denied, after which the company filed an answer to the complaint and participated in the trial, but sought to reserve the question of service. We think by answering to the merits the defendant waived any question of service, and that it could not at the same time answer and reserve a question of jurisdiction based upon a matter of service of process. (*Curtis* v. *McCullough,* 3 Nev. 202; *Higley* v. *Pollock,* 21 Nev. 196; Comp. Laws, 3594.)"

In the case of *Sweeney* v. *Schultes,* 19 Nev. 54, this court said: "The defendants were personally served with summons. They appeared specially and separately moved the court to set aside the summons, on the ground that it did not contain the notice required by section 26 of the civil practice act. The motions were denied and time was given defendants to appear and answer. They

appeared within the time given, and filed a joint demurrer to the complaint, it being therein stated that it was interposed 'without waiving any rights they, or either of them, may have under or by virtue of his separate notice of motion to set aside the summons issued and served in this case, and the order and ruling of the court made thereon.' The demurrer was overruled, and the defendants were given further time to answer. They failed to file an answer within the time given, and their default was duly noted by the clerk. Thereafter, on the same day, they appeared and filed an answer, making therein same reservation of their rights as contained in their demurrer. The plaintiff subsequently had the case set for trial, introduced his proofs, and obtained judgment for the possession of the property, and for $1,500 damages. This appeal is taken from the judgment.

"The object of a summons is to put the defendant upon notice of the demand against him, and to bring him into court at the time therein specified. If the defendants relied upon the irregularity in the notice, they ought not to have made any further appearance. When they accepted the time given to answer, and then filed a demurrer, which raised an issue in the case, it was a general appearance in the action, notwithstanding the words of reservation contained in the demurrer (1 Comp. L. 1560). After this appearance the court had jurisdiction to proceed and grant any relief to which the plaintiff was entitled, regardless of the mistake in the form of the notice inserted in the summons. The summons had served its purpose and spent its force when the demurrer was filed, and hence the error in the notice of the summons, and the ruling of the court thereon, became immaterial and harmless, and, as it could not have prejudiced the defendants, it must be disregarded. (*Lake* v. *Lake*, 16 Nev. 366.)

"The action of the court in overruling the defendant's motion did not in any manner affect the case after the filing of the demurrer. All subsequent proceedings were based upon the complaint alone. Had the motion to set

aside the summons been granted, the only effect would have been to deprive the plaintiff of his right to collect costs for the service of the summons, and to delay proceedings in the case until another summons could be served. The delay that would have been gained by having the motion sustained was obtained by the time subsequently given to file the demurrer and answer. Having generally appeared in the action, the error in the ruling of the court denying the motions became harmless, and worked no substantial injury to the defendants."

In *Curtis* v. *McCullough*, 3 Nev. 210, this court said: "There is no other authority by which those tribunals can obtain jurisdiction of the citizen, except by his own consent or voluntary submission to their jurisdiction. However, after such jurisdiction is once obtained, whether by legal process or by the voluntary acknowledgment of the authority of the court to determine his rights, the jurisdiction over the person is complete for all the purposes of that proceeding, provided the tribunal has jurisdiction of the subject-matter. Or he could have appeared specially for the purpose of setting aside the defective writ, without acknowledging the jurisdiction of the court; for by appearing to object to the jurisdiction over him, it could not be said that he thereby acknowledged such jurisdiction. But instead of pursuing one of these methods, the defendant chose to appear in the proceeding, not for the purpose of objecting to the jurisdiction of the court, but to ask for its affirmative action in his favor, after a full acknowledgment of its jurisdiction over him. An objection to the form of process cannot be taken after pleading to the merits of the action in which it is issued, simply because filing the answer is an acknowledgment of the jurisdiction of the court, and when it is done the process to all intents and purposes becomes *functus officio*."

In *Higley* v. *Pollock*, 21 Nev. 203, the court said: "The principal object of a summons is to bring the defendant into court. If the defendant should appear without service of summons it may be dispensed with altogether. After the defendant has appeared there is an end of the

process.   It has become *functus officio.*   All subsequent proceedings are based upon the complaint."

Section 3594, Comp. Laws, provides: "A defendant shall be deemed to appear in an action where he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

In *Security Co.* v. *Boston Co.*, 126 Cal. 418, it was decided that if a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection.   If he raises any other question, or asks for any relief, which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons.

In *In re Clarke*, 125 Cal. 388, the court said: "On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever.   If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made.   On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which would be a regular proceeding in the case, it is a general appearance, no matter how carefully or expressly it may be stated that the appearance is special.   It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material.

"As a rule one cannot avail himself of the advantage of being a party and escape the responsibilities.   Some early cases in this state (*Deidesheimer* v. *Brown*, 8 Cal. 340, and *Lyman* v. *Milton*, 44 Cal. 631) seem to hold that

a defendant having first objected to the process or service by which he was brought in, may then, if his objections are overruled, answer to the merits, and on appeal from the judgment still avail himself of his objections to the jurisdiction of the court over him. This rule seems unjust and illogical, and I think does not prevail elsewhere. It gives the defendant, whose objections to the jurisdiction of the court have been erroneously overruled, an opportunity to go to trial, and if the judgment is favorable to abide by it, while if it is unfavorable he can procure a reversal. The plaintiff would have no such advantage. And what would be the condition of such a defendant after reversal? If the reversal means that he is not yet in the case, he may move to dismiss under section 581. If it merely gives him a new trial, the procedure seems farcical.

"In this case, by his first appearance, Clarke asked favors which could be demanded only by a party to the record, and, upon his motion being denied, he demurred to the petition upon nearly all the statutory grounds. He also filed an answer, which raised issues of fact, upon which a trial was had and findings were filed. Certainly by these proceedings he submitted himself to the jurisdiction of the court."

In the case of *Desmond* v. *Superior Court of S. F.*, 59 Cal. 274, the court said: "This is an application for a writ of review. An action was commenced in a justice's court against the petitioners herein, and a summons issued, which they claimed to have been defective. They moved in that court to set aside the service and vacate the summons, which motion was denied. They then answered, the case was tried, and judgment rendered against them. They appealed to the superior court on questions of law and fact, where the motion to vacate and set aside was again made and again denied. A trial was then had in the superior court and judgment went against the defendant.

"It is claimed that we can review these proceedings, upon the ground that the superior court exceeded its

jurisdiction in denying defendants' motion.   If it was an
error, which we do not admit, it was not an error in
excess of its jurisdiction; it had jurisdiction to determine
whether or not the motion should be granted.   It is suf-
ficient in this case to say that the defendants, by plead-
ing to the merits of the case, waived any objection they
might have had to the alleged defect in the process and
its service.   Writ denied and proceedings herein dis-
missed."

In the case of *Sears* v. *Starbird,* 78 Cal. 225, the court
said: " Conceding that the summons was defective, which
is by no means clear, the defendant, by pleading to the
merits, waived his objection to all defects therein.   (Cit-
ing *Desmond* v. *Superior Court,* 59 Cal. 274.)"

When a special appearance is converted into a general
one, vol. 2, Encyclopedia of Pleading and Practice, 625:
" The principle to be extracted from the decisions on the
subject as to when a special opinion is converted into a
general one, is, that where the defendant appears and
asks some relief which can only be granted on the
hypothesis that the court has jurisdiction of the cause
and the person, it is a submission to the jurisdiction of
the court as completely as if he had been regularly
served with process, whether such an appearance, by its
terms, be limited to a special purpose or not.   Where a
party appears in court and objects by motion to the
jurisdiction of the court over his person, he must state
specifically the grounds of objection; by not so stating
them his appearance will be construed a general one,
although he moves to dismiss on that ground."

In *Baker* v. *Union Stockyards National Bank,* 89 N. W.
269 (syllabus by court): "If a defendant claims that the
court has acquired no jurisdiction over his person, by
reason of defects or irregularities in the process or serv-
ice thereof, his course is by special appearance and
objections to the jurisdiction, and if he goes further, and
enters a general appearance, or invokes the powers of the
court for any other purpose than quashing the pretended
process, or service thereof, the defects are waived."

In *Sealey* v. *California Lumber Co.*, 24 Pac. 197 (syllabus by court): "A defendant cannot answer and make a full defense on the merits, without making a general appearance in spite of his special appearance; and when he does so he invokes the judgment of the court and submits himself and his rights to its jurisdiction and can no longer be heard to say that it had no jurisdiction."

In *Fitterling* v. *Missouri Pac. Ry.*, 79 Mo. 504: "Defendant, by appearing before a justice and introducing evidence after the denial of his motion to dismiss the suit, waives defective service and confers jurisdiction of his person on the court."

In *Union Pacific Ry.* v. *De Busk*, 20 Pac. (Colo.) 752: "The early decisions in this state have been uniform to the effect that by a general voluntary appearance all objections to the summons and return thereof, and to the jurisdiction of the court over the person of the defendant, are waived; and that the filing of a demurrer or answer to the complaint constitutes such an appearance." (Cases cited.)

In giving the opinion in *Hobson* v. *New Mexico & A. R. Co.*, 11 Pac. 545 (Ariz.), Justice Porter said:

"The defendant appeared specially, and moved to set aside the service of summons because the transcript does not show any order made on said motion. Therefore, for ought we know, the defendant may have abandoned his motion and made a voluntary appearance. The defendant filed a demurrer, setting forth 'not waiving, nor intending to waive, its rights to be heard on the motion already noticed, and now pending, to vacate the summons,' etc. It may have been waived on the overruling of the demurrer. An answer was filed after the demurrer was overruled, and no mention there made of special appearance. The party having answered, and having had his day in court, should not be allowed to reverse all the proceedings because of this irregularity of service.

"It is a general rule now prevailing in the courts, that wherever and whenever substantial justice is secured, a

mere technical error, which is harmless in its character, and which has worked no injury, will not be permitted to defeat or annul the final conclusion or consummation of judicial proceedings."

In *Layne* v. *Ohio R. Co.*, 14 S. E. (W. Va.) 123, the court decided: "In order to take advantage of such defect in the summons or return, the defendant must appear for that purpose only, and must so state in submitting the motion. If he appears generally, whether to move a continuance or for any other purpose, he will be regarded as having waived all defects in the writ or the return.

"If in the justice's court the defendant appears and submits two motions simultaneously, one for a continuance, and one to quash the return on the writ, and at a subsequent day, to which the case has been continued, he appears and, without requiring the justice to act upon his motion to quash, files an informal plea in bar, and proceeds to trial, he will be deemed to have waived his objection to the writ.

"A defendant who has waived all objection to the summons and return in the justice's court, by appearing there and submitting to a trial, cannot on appeal to the circuit court, take advantage of any defect in the writ or return, either by motion to quash or by plea in abatement." (Syllabus by court.)

See also 3 Cyc. 504–507, and cases cited.

III. After having submitted the case to trial in the justice's court, and judgment having been rendered against the defendant and appellant, could he, on appeal, make the same objection to the alleged want of sufficient service?

In proceeding with the trial of the case upon its merits, the defendant and appellant submitted his rights to adjudication by the court. When the verdict was rendered, judgment was entered and the rights of the parties were determined thereby. The fact that the defendant submitted to trial waived all objections and exceptions which he may have made to the jurisdiction of the court. As far as the justice's court was concerned, the case was determined, and if the defendant was dissatisfied with

the verdict his further rights lay in appeal to the district court, to be there again determined on the merits of the case. When the case is appealed upon both questions of law and fact by a defendant from a judgment of a justice of the peace to the district court, the defendant cannot deny the jurisdiction of the district court over his person, even if the justice of the peace, who rendered the judgment appealed from, may not have had jurisdiction over his person.

If the defendant, on appeal, be again permitted to make an objection to the jurisdiction of the lower court, he would be permitted to secure a reversal of a verdict unfavorable to him, while if it had been favorable to him he could have abided by it. The plaintiff would have had no such advantage.

When a party appeals, the taking of the appeal is the same as an appearance, and the appellate court is thereby given jurisdiction over the person, whether the service or the process before the lower court was sufficient for that purpose or not, therefore the appellate court can take no cognizance as to the jurisdiction of the lower court in that case. The defendant cannot invoke the jurisdiction of a court for the purpose of a retrial upon the merits, and then question the jurisdiction of the court with respect to his person. See *In re Clarke* (cited under subdivision II), 125 Cal. 388; *Layne* v. *Ohio Ry. Co.* (cited under subdivision II), 14 S. E. 123.

In the case of *Whitting* v. *St. Louis Ry. Co.*, 20 Am. St. Rep. 636, the court said: "In the circuit court the defendant moved to dismiss the cause, because the justice had no jurisdiction over the person of the defendant, and hence the circuit court had no jurisdiction. The only specific reason assigned in the motion is, that a copy of the complaint filed before the justice was not served on the defendant. It does not appear by the constable's return that he served the defendant with a copy of the complaint, as seems to be provided for by section 2865 of Revised Statutes, 1879, as amended by the act of March, 1883; Acts of 1883, p. 104. The defendant, how-

ever, by suing out an appeal, waived all errors and defects in the original summons, and in the service thereof, and for this reason the motion to dismiss was properly overruled."

In the case of *Smith* v. *District Court of Arapahoe County*, 4 Colo. 235, the court said: "Having once submit-themselves to the jurisdiction of the court, they could not again challenge it at pleasure. To permit it would be trifling with courts and the rights of parties."

Trial *de novo* on appeal, 2 Encyclopedia of Pleading and Practice, p. 614: "And where the object of an appeal is to try the case anew in the appellate court on its merits, and not to review errors, the taking of an appeal is equivalent to an appearance and gives the appellate court jurisdiction over the person, whether the service of the process before the inferior court was sufficient for that purpose or not." (Cases cited.)

In *Malone* v. *Clarke*, 2 Hill, 655, 15 N. Y. Com. Law Rep. 487, the court said: "The subject-matter of the suit was promises alleged to have been broken. It required no proceeding to give the justice jurisdiction of that. But if there had been a want of jurisdiction in this respect, as if the subject-matter had been slander or assault and battery, the course was not to render any judgment at all. The court should have simply refused to proceed with the cause, and dismissed it from their consideration. If the justice had no jurisdiction in this respect, the C. P. had none. But the question was not one of jurisdiction over the subject-matter. The C. P. acted on an objection that there was no jurisdiction of the defendant's person. In general, such a question can be determined by *certiorari* only. The office of an appeal is to try the merits, and assumes that the parties were properly in court."

In *Rohrbough* v. *United States Express Co.*, 88 Am. St. Rep. 849, the court said: "In *Weimer* v. *Rector*, 43 W. Va. 735, 28 S. E. 716, this court holds that a misnomer in a justice's summons is amendable, and is waived and cured by appearance and appealed in the action. In *Thorne* v. *Thorne*, 47 W. Va. 4, 34 S. E. 759, this court

decided that 'an appeal by a party to a cause in a justice's court operates as an appearance, and, as a general rule, the irregularities in the proceedings before the justice are waived by an appeal.' "

In the case of *Seurer* v. *Horst*, 18 N. W. 283, the summons did not comply with the statute and was void. In this case the court said: "The justice should have dismissed the action upon the defendant's motion. But after trial before the justice the defendant appealed upon questions of fact to the municipal court. He thereby waived the objection that he was not within the jurisdiction of the court. The effect of such an appeal was to invoke an adjudication by the municipal court upon the merits of the case as presented by the pleadings. The defendant might not thus bring the case into the municipal court for the very purpose of a retrial upon the merits, and then be heard to question the jurisdiction of the court with respect to himself."

In the case of *Toledo & W. R. Co.* v. *Talbert*, 23 Ind. 438, the court said: "Where in a suit brought in a justice's court, the defendant makes a special appearance and moves that the case be dismissed on the ground of insufficient service, and the justice overrules the motion, but continues the cause for twenty-eight days, and the defendant is then in default he is not entitled, on appeal to the circuit court and renewal of his motion, to have it granted; the continuance giving him sufficient notice."

IV. What were the duties of the appellate court, and did the appellate court exceed its jurisdiction in remanding the case to the justice's court for further trial?

Upon appeal of matters of both law and fact the appellate court cannot take into consideration any matters regarding the jurisdiction of the justice's court.

When an appeal is perfected, jurisdiction in the justice's court ceases for any purpose whatever and all proceedings must be thereafter had in the district court. The justice's court has no more jurisdiction in the case.

Jurisdiction when once acknowledged is complete for all purposes. Jurisdiction in this case was acknowledged

in the lower court by filing an answer and going to trial and is complete upon appeal. Reservation to an objection and exception is of no avail upon appeal.

This petitioner contends that the district court exceeded its jurisdiction in remanding the case.

Section 3677, Comp. Laws, says: "All causes appealed to the district court shall be tried anew in said court and said court may regulate by rule the practice in such cases in all respects not provided for by statute."

This section specifically provides that the case must be tried anew and to try the case anew it must be tried upon its merits. There are no rules regulating the practice other than those provided for by the statute. The district court, which is the appellate court, must try the case *de novo* and cannot dismiss or remand it. In no instance can the district court sitting as a court of appellate jurisdiction, without trial, reverse or affirm a judgment brought before it by appeal from a justice's court.

The statute regarding the power of the supreme court in this state on appeal definitely provides that the supreme court may reverse, affirm or modify the judgment or order appealed from as to any or all of the parties, and may, if necessary, order a new trial or the place of trial to be changed. The statute regarding the appellate jurisdiction of the district court makes no such provision. It says: "All causes appealed to the district court shall be tried anew in said court."

From this it will be seen that the district court would have no power to dismiss or remand the action, but must proceed with the trial anew.

Section 2515, Compiled Laws, 1900, relating to the appellate power of the supreme court, says: "This court may reverse, affirm, or modify the order or judgment appealed from as to any or all of the parties, and may, if necessary, order a new trial, or the place of trial to be changed. When the judgment or order appealed from is reversed or modified, this court may make, or direct the inferior court to make, complete restitution of all property and rights lost by the erroneous judgment or order."

In the case of *The State of Nevada, ex rel. Thomas Barnett, Assignee,* v. *Fifth Judicial District Court,* 18 Nev. 286, the court said: "After dismissing the appeal the court affirmed the judgment rendered by the justice, with damages and costs. The appeal alone had given the court jurisdiction of the case. By dismissing it, the court divested itself of authority to proceed further, except to include costs on dismissal, and left the judgment of the justice in full force, save as affected by the order staying proceedings. The review upon *certiorari* is confined to the question of jurisdiction, and no other matter appearing in the record has been considered. It is proper to state, however, that district courts are not authorized to impose damages for frivolous appeals, nor to directly and without trial, reverse or affirm judgments brought by appeal from justices' courts. Such cases must be tried anew. (Comp. Laws, 1643.)"

. In the case of *Bullard* v. *McArdle,* 35 Am. St. Rep. 176, the court said: "By perfecting the appeal from the justice's court the case was entirely removed from that court, and only the superior court had thereafter jurisdiction in the matter. The judgment in the justice's court was not merely suspended, but by the removal of the record was vacated and set aside. The judgment upon which it was issued had been vacated by an appeal therefrom, which was sufficient both in form and in substance to divest the justice's court of any further jurisdiction over the case. The case was thereafter in the superior court, and the rights of the parties were to be determined by the action of that court."

In the case of *Martin* v. *District Court,* 13 Nev. 85, the court said: "All the district court can do in a case appealed from a justice's court is to try it anew (Comp. Laws, 1643), and if no sort of issue has been made or tried in the justice's court, there is nothing to be tried anew. (10 Cal. 19.) These decisions were approved by Judge Brosnan (1 Nev. 96), and his decision has only been so far qualified as to hold that an appeal lies to this court from a judgment by default in the district court upon the question whether

the default has been properly entered. But on appeal to the district court the case is different. All the district court can do is to retry issues of law or fact that have been made in the justice's court."

In the case of *Coyle* v. *Baldwin, et al.*, 5 Cal. 75, the court said: "The county court reversed the judgment of the justice of the peace, on motion, upon the ground that it did not appear that the defendants had notice of the trial. This was erroneous; the parties were in the county court on appeal, for the purpose of trying the case *de novo*, and it was the duty of the court to proceed with the trial on the merits of the case."

In the case of *People* v. *Court of Eldorado*, 10 Cal. 19, the court said: "The county court can only retry the issues tried in the court below. This is what is meant by a trial anew in the county court, under section 626."

In the case of *Acker* v. *Superior Court*, 68 Cal. 245, the court said: "The order remanding the cause to the justice's court for further proceedings is in excess of the jurisdiction of the court, and void. For, as the case was originally tried in the justice's court, and the appeal was taken 'on questions of both law and fact,' appellate jurisdiction over the action attached to the superior court, to try and determine the case anew. (Sec. 976, Code Civ. Proc.) In the exercise of this jurisdiction the superior court cannot delegate its power over the action to any other tribunal. It has no authority to remand the cause to the justice's court, whence it came, for trial *de novo*. It must itself proceed with the trial and if it refuses it may be compelled to proceed by *mandamus*."

V. Will a writ of *certiorari* lie in this case?

A writ of *certiorari* is a remedy proper in all cases where an inferior court has exceeded its jurisdiction in the exercise of its judicial functions, and where there is no appeal or other plain, speedy, and adequate remedy. A writ will lie where there is no adequate remedy by which an erroneous determination can be reviewed or excess of jurisdiction can be restrained, and will issue from a supreme court where that writ is necessary to

prevent a failure of justice. A writ will lie where a
district court has exceeded its jurisdiction by dismissing
or remanding a case, appealed from a justice's court to
be tried anew upon questions of both law and fact. A
writ of *certiorari* lies also direct from the supreme court
to the justice's court.

Section 3531 of Cutting's Compiled Laws reads as fol-
lows: "3531. SEC. 436. This writ may be granted on
application by any court of this state, except a justice's,
or recorder's or mayor's court; the writ shall be granted
in all cases when an inferior tribunal, board, or officer,
exercising judicial functions, had exceeded the jurisdic-
tion of such tribunal, board, or officer, and there is no
appeal, nor, in the judgment of the court, any plain,
speedy, and adequate remedy."

This section of the statute is construed by Justice
Brosnan in *Paul* v. *Armstrong*, 1 Nev. 82, as remedial and
designed for the purpose of keeping inferior tribunals
and officers within the limits of their powers and to cor-
rect in a speedy manner any abuse of such powers as
may be to the prejudice of others. It should receive such
fair and reasonable interpretation as will best secure these
objects.

In the case of *Paul* v. *Armstrong*, 1 Nev. 82, the court
said: "The statute is remedial; designed to confine infe-
rior tribunals and officers within the prescribed limits of
their powers, and to correct in a speedy and economical
manner any abuse of them that may prejudice others.
It should receive such fair and reasonable interpretation
as will best secure these objects.

"The writ of *certiorari* is declared to be 'proper in all
cases where an inferior tribunal exercising judicial func-
tions has exceeded its jurisdiction, and there is no appeal
or other plain, speedy and adequate remedy.' Like the
other remedy referred to in the statute, the appeal also
must be adequate to the relief sought. Such a construc-
tion does no violence to the language or spirit of this
section.

"An appeal through the means of which errors, though

manifest, cannot be corrected, would be a useless cere-
mony.   The law does not require vain things to be done;
it does not limit a suitor to a process that is fruitless
when it furnishes one that may prove available.   But in
this case an appeal to the probate court would not only
be ineffectual, but would not lie, in my opinion."

In the case of *Hall* v. *Superior Court*, 71 Cal. 550, the
court said: "The superior court of Eldorado County had
jurisdiction to hear and determine the case before it upon
its merits, and the arbitrary dismissal of it upon motion
was an improper divestiture of its rightful jurisdiction.
Where such is the case, the writ of *certiorari* is a proper
proceeding to annul the order dismissing the appeal.
(*Levy* v. *Superior Court*, 66 Cal. 292.).

"The order of dismissal should be annulled, the cause
reinstated, heard, and determined upon its merits by the
superior court of Eldorado County."

In the case of *Carlson* v. *Superior Court*, 70 Cal. 630,
the court said: "The appeal vested the superior court with
jurisdiction to hear and determine the question brought
by the statement on appeal within its jurisdiction by
arbitrary ordering a dismissal of the appeal sought to have
been taken on questions of law and fact.   Such a dispo-
sition of the case was in excess of the jurisdiction of the
court with reference to the matter on appeal."

*J. B. Dixon*, for Respondent:

The only question to be decided by this court on *cer-
tiorari* is: Did the respondent exceed his jurisdiction
in the disposition he made of the action of *Bancroft* v.
*Phenix*, which came to the district court by appeal from
the justice's court?   Not, did he correctly decide the points
of law involved?   This is now practically admitted by
counsel for petitioner and has been decided so frequently
and so recently by this court that no further argument
seems necessary.

The defendant in that action had the legal right to
make objection that no service had been made on him of
a copy of the complaint, that the justice court had

acquired no jurisdiction of his person and had no jurisdiction to proceed to a trial of the facts.

The justice of the peace ought to have sustained the objection. The statutes provide that the justice shall enter motions and objections on his docket, and that in the district court either party shall have the benefit of legal objections made in the justice's court. This gave the defendant the right to renew his objection in the district court. If not, the provision would be meaningless. The justice had a right to pass on the objection of the defendant, and in the district court respondent had an equal right and jurisdiction to pass on the objection. He certainly had jurisdiction to sustain the objection of defendant. His decision was absolutely correct, as a matter of law, although it is entirely immaterial whether such was the case. There cannot be any serious contention that the petitioner is entitled, in *certiorari*, to a review of that part of the decision sustaining the objection of the defendant and holding that the justice had no jurisdiction of the person of the defendant and that therefore the district court had no jurisdiction and could not proceed to a trial of the facts. This was not exceeding jurisdiction, but refusing jurisdiction, which refusal cannot be reviewed in this proceeding. In *Peacock* v. *Leonard*, 8 Nev. 84, and in other cases, it has been held that a district court, on appeal, has exactly the same jurisdiction as the justice. (*Cooban* v. *Bryant*, 36 Wis. 605, 612; *Martin* v. *District Court*, 13 Nev. 89, 91.)

What was the legal effect of this decision?

It necessarily followed that the judgment of the justice's court for plaintiff was void and of no effect, a mere nullity. Did the case for that reason, *ipso facto*, revert to the justice's court for further proceedings? If this was the result, how could the direction or order of the respondent remanding the case to the justice's court injure the petitioner? *Certiorari* is not used to review or reverse a harmless error, if any error occured. What benefit would petitioner derive, if this court should hold that the writ of *certiorari* was properly issued? If the direction

or order of respondent remanding the case to the justice court, and returning the files, had not been made, what would be the position of the petitioner? There must remain the decision or order sustaining the defendant's objection, the ruling decision or order that neither the justice court nor the district court had jurisdiction and the necessary consequence that the judgment was void, for these were certainly within the jurisdiction of the district court, and cannot be reviewed or vacated by either *certiorari* or *mandamus*. (See authorities cited in respondent's brief on motion to dismiss.)

Volume 2, Spelling's Extraordinary Relief, sec. 1896, states the law as follows: "It is a general principle applying to *certiorari*, as to all other extraordinary remedies and proceedings, that process will not issue where it would be without beneficial results." Sec. 1897 holds that the writ is "not granted unless substantial injustice has been done. The application of this principle prevents the granting of the writ to revise or correct erroneous opinions, however hurtful they may be to the individual against whom they are expressed. An order, judgment or determination affecting the rights of the prosecutor is necessary as a foundation for the issuance of the writ." (*Furbush* v. *Cunningham*, 56 Me. 184; *McPheeters* v. *Morrill*, 66 Me. 123.)

Petitioner claims that the case of *Acker* v. *Superior Court*, 68 Cal. 245, 9 Pac. 109, 10 Pac. 416, is an authority that respondent had no jurisdiction to remand the case to the justice court; that case holding that the superior court had no power to remand the case to the justice's court for a trial *de novo*. It must be noted that the facts and circumstances in that case were entirely different from the case at bar. In that case the superior court ordered the judgment reversed, and then the case was remanded for a trial *de novo*. There was no holding or decision that the justice's court had no jurisdiction or that the superior court had none. In the case at bar the respondent did not remand to the justice's court for a trial *de novo* (no purpose being assigned). It was

intended, by remanding, to aid the petitioner in such further proceedings as he desired to take. The facts in the Acker case are so different that it is not in point. Again, this is a decision by a division merely of the supreme court, and the decisions on which that case is based have been, in effect, overruled by the cases of *People* v. *County Court,* 10 Cal. 19; *Myrick* v. *Superior Court,* 68 Cal. 98, and by *Buckley* v. *Superior Court,* 96 Cal. 119, 31 Pac. 8, which case made a radical change in the principles governing the California courts in *certiorari,* and so overruled the principles and doctrines on which the Acker case was decided, and in so doing overruled the Acker case. Counsel has been unable to find any subsequent case in which the Acker decision has been cited. It is left much in the position of a case which is said to be "without either parent or progeny, and therefore entitled to little weight."

In *Larne* v. *Gaskins,* 5 Cal. 508, the justice of the peace certified a case to the district court, instead of trying it. After a trial in the district court, there was an appeal to the supreme court, which reversed the district court with instructions to remit the cause to the justice, who refused to proceed to a trial, on the ground that the case having been once transferred to the district court, the justice had lost all jurisdiction. This was held to be error and that the justice had jurisdiction and must try the case.

In *Myrick* v. *Superior Court,* 68 Cal. 98, which is a decision in bank, confirming the decision of commissioners, on appeal from the justice court taken on law and fact in which the superior court reversed the decision and judgment of the justice court dismissing the action on technical grounds, and then proceeded to a trial of the case on the issues of law and fact, it was held that the superior court should have reversed the decision of the justice and sent the case back to the justice's court for a trial of the issues tendered by the pleadings. It is submitted that this case is more in point than *Acker* v. *Superior Court.* See also *People* v. *County Court,* 10 Cal. 19, 20; *S. P. R. Co.* v. *Superior Court,* 59 Cal. 471;

*Martin* v. *District Court*, 13 Nev. 85, 90, 91; *History Co.* v. *Light*, 97 Cal. 56; *Sherer* v. *Superior Court*, 59 Cal. 653.

In Elliott on Appellate Procedure, par. 20, the author says: "It is not to be understood that an express statutory provision is required to confer upon an appellate tribunal authority to exercise auxiliary authority in aid of its appellate power, although such auxiliary authority may be in its nature original, for all courts in the rank of appellate courts proper have such general powers as are necessary to enable them to effectually exercise the jurisdiction conferred upon them." And in par. 21: "The general authority to review and revise necessarily includes the right to enforce the writ and administer justice. In the exercise of its authority, the appellate court may so mold its judgments as to secure the proper relief to the parties entitled to it. The fact that a question may be presented in a particular mode does not always restrict the appellate court to a particular course, for it may, on an inspection of the whole record, pronounce such judgment as will secure justice to the parties."

In *Bank* v. *Knoup*, 6 Ohio St. 342, Bartley, C. J., says: "Appellate jurisdiction is the cognizance which a superior court takes of a case removed to it by appeal or writ of error from the decision of an inferior tribunal. The power of the appellate court necessarily includes the power, not only to reverse a judgment, but also to control and direct the subsequent action of the subordinate court." See also sec. 12 of Abbott's Appellate Procedure.

Jurisdiction has been defined to be the power to hear and determine a cause. (*U. S.* v. *Arredondo*, 6 Pet. 691, 709; *Smiley* v. *Sampson*, 1 Neb. 70.)

"Jurisdiction has often been said to be 'the power to hear and determine.' It is in truth the power to do both or either, to hear without determining, or to determine without hearing." (*Ex Parte Bennett*, 44 Cal. 88.)

By the Court, NORCROSS, C. J.:

This is an original proceeding in *certiorari* to review an order of the Second Judicial District Court in and for

Washoe County, W. H. A. Pike, district judge, made on the 27th day of April, 1910, remanding to the justice court of Reno Township a certain case appealed to said district court from said justice court, entitled *W. H. Bancroft, Plaintiff,* v. *G. S. Phenix and C. S. Stanley, Copartners, doing business under the firm name and style of Phenix & Stanley, Defendants,* and further directing that all the files in the case be returned to said justice's court.

The return upon the writ, after setting out a copy of the order above mentioned, recited that all the records and files in the case were on the 28th day of April, 1910, in pursuance of said order, returned to Lee J. Davis, Esq., justice of the peace of Reno Township, in whose possession they have since remained.

As the allegation in the petition in reference to these files is not questioned by respondent, we may consider that a full return upon the writ would not disclose a different state of facts than that alleged in the petition.

From the petition we quote the following statement of the case:

"That on the 6th day of January, 1910, affiant brought suit in the justice's court of Reno Township, in and for Washoe County, State of Nevada, against G. S. Phenix and W. C. Stanley, copartners, doing business under the firm name and style of Phenix & Stanley, defendants, for the sum of forty-four dollars ($44) due affiant for services rendered to defendants as a miner. * * * That affiant prayed for judgment againt defendants for the sum of forty-four dollars ($44), together with the sum not less than fifty dollars ($50) as reasonable attorney's fee, and costs of suit. The said complaint was duly verified by affiant. That thereupon a summons was issued by the justice of said court, and served upon one of the defendants, namely, G. S. Phenix, in Reno Township, Washoe County, Nevada; that thereafter, on the 11th day of January, 1910, said defendant, G. S. Phenix, appeared in said court and filed an answer in the words following, to wit (after entitlement): 'Now comes G. S. Phenix, one of the above-named defendants, and objects

that no copy of the complaint was served upon him at the time of the service of the summons herein, or at any other time; and asks that the service of said summons be set aside and disallowed as irregular and void. And the said defendant, G. S. Phenix, without waiving his objection to want of service of copy of complaint or his right to have such service set aside, for answer to the complaint of the plaintiff filed herein, denies each and every allegation, item, and particular in said complaint contended. J. B. Dixon, attorney for defendant G. S. Phenix.'

"That thereafter the justice of the peace overruled the objection of the defendant and trial was then had before a jury on the complaint of affiant and answer of said defendant G. S. Phenix, and a verdict for the sum of forty-four dollars ($44) was rendered in favor of affiant against said defendant, and a cost bill was thereafter filed, and the said justice's court entered judgment in favor of affiant on said verdict, and against said defendant, for the sum of forty-four dollars ($44), costs of suit and attorney's fees; that thereafter, on or about the 26th day of January, 1910, said defendant G. S. Phenix appealed said case to the district court of the Second Judicial District of the State of Nevada, Washoe County, by filing a notice of appeal, and also an undertaking on appeal; that thereafter said case was assigned for hearing before W. H. A. Pike, one of the duly elected, qualified, and acting judges of the said Second Judicial District Court, Washoe County; that thereafter said case was set down for trial before said W. H. A. Pike for Monday morning, the 25th day of April, 1910, at 10 o'clock a. m., and at said time and place affiant and defendants appeared in said court ready for trial, with their witnesses in attendance; that the defendant then objected to the court hearing said case on the ground that the court had no jurisdiction of the person of the defendant, or the cause of action stated in the complaint, for the reason that a copy of the complaint had not been served on the defendants at the time the summons was

served on said G. S. Phenix, defendant; that the court thereupon continued the matter under advisement, and held it under advisement until Wednesday, the 27th day of April, 1910, at the hour of 10 o'clock a. m., when the court held it had no jurisdiction to hear said case, and remanded said case to the justice's court for further proceedings in that court against the objections of affiant to said remanding order."

If the district court had entered an order dismissing the appeal, we would have no difficulty in determining this proceeding. The case would then be within the rule laid down in *Andrews* v. *Cook*, 28 Nev. 265, 81 Pac. 303, and authorities therein cited. Such an order of dismissal, whether erroneously made or not, would be within the jurisdiction of the court and not subject to review by this court. It would be a final determination of the appeal.

It is not contended by either party in this proceeding that the order to remand had the force and effect of a dismissal, and for the purposes of this case we will not consider it as having such effect. If, as a matter of fact, the justice's court obtained jurisdiction over the defendant, its judgment regularly entered and an appeal taken, an erroneous dismissal of the appeal would have left the justice's court with jurisdiction to proceed by execution to enforce the judgment. Also, if, as a matter of fact, the justice's court had jurisdiction to enter the judgment which it did, the district court had no power, by remanding the case after appeal taken, to compel it to again assume a jurisdiction it had already exercised.

The constitution gives to district courts final appellate jurisdiction over cases arising in justices, courts. The district court may dismiss an appeal, or it may proceed and try it *de novo*. But it cannot refuse to do one thing or the other. It may be that the district court would have power to remand in cases where a justice of the peace had erroneously certified a case to the district court upon the mistaken theory that a question involving title to real estate, or the legality of a tax, impost, assessment,

toll, or municipal fine was involved.   (Comp. Laws, 3634;
Const. art. 4, sec. 8.)

See, also, *N. P. Terminal Co.* v. *Lowenberg* (C. C.), 18
Fed. 339.

There may be other cases, also, where an order to
remand would be appropriate.   However, the present
clearly is not such a case.   If the justice's court had not
acquired jurisdiction, an appeal would not invest the dis-
trict court with jurisdiction, and an order to dismiss would
be the proper order in the premises.   The justice's court
would then be in the same situation it was before the
appeal was taken, for the effect of dismissing an appeal
is to nullify the appeal for all purposes.   If the district
court dismissed the appeal when the justice's court had
jurisdiction upon the erroneous theory that it had not
acquired jurisdiction, and hence, the district court had
none, the judgment of the justice's court would never-
theless still remain valid.

In our judgment, the justice's court had acquired juris-
diction over the defendant Phenix, and the appeal was
properly before the lower court.   (*Golden* v. *Murphy*, 31
Nev. 395, and authorities therein cited; *Security Co.* v.
*Boston Co.*, 126 Cal. 418, 58 Pac. 941, 59 Pac. 296.)

In a case like that presented to the district court
and involved in this proceeding, we think the district
court was without power to remand, but was limited
either to a dismissal of the appeal or to a trial of the
case anew.

The orders under review are annulled.